UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRODERICK R. FIELDS,

          Plaintiff,

     v.

A. RAWLS

          Defendant.

No. 2:17-cv-1811-EFB P

ORDER

     Plaintiff, a state prisoner proceeding pro se with an action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. For the reasons stated hereafter, plaintiff's IFP application is granted but his first amended complaint ("complaint") (ECF No. 8),[1] must be dismissed with leave to amend.

    I.     Application to Proceed In Forma Pauperis

     Plaintiff's application (ECF Nos. 2, 5) makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

---

[1] The court dismissed plaintiff's initial complaint (ECF No. 1) because he failed to sign it. ECF No. 6.

1

II. <u>Screening Requirements</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

III. Screening Order

Plaintiff's complaint lacks sufficient detail to state a cognizable claim. He alleges that defendant Rawls violated his rights by filing false disciplinary reports against him. ECF No. 8 at 5. He claims that Rawls filed a false report to dissuade plaintiff from pursuing an unspecified appeal. *Id.* Plaintiff provides no factual context for this allegation. He fails to allege when this incident occurred, the nature of the appeal he was pursuing, whether he was actually deterred from pursuing the appeal by Rawls' actions, or the nature of the false report Rawls filed against him. "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The lack of detail in plaintiff's complaint makes consideration of these elements under the *Iqbal* standard impossible.

The court notes that plaintiff also alleges that Rawls' issuance of the false disciplinary amounted to deliberate indifference insofar as it led to his placement in the Special Housing Unit ("SHU"), which exacerbated his symptoms of mental illness. Deliberate indifference requires an objective risk of harm and a subjective awareness of that harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). It is unclear from the complaint, however, whether Rawls was aware that her false disciplinary would result in plaintiff's assignment to the SHU. It is also unclear whether Rawls knew about plaintiff's mental health issues and the effect the SHU would have on those issues.

/////

1       The court recognizes that plaintiff has attached various documents related to his prison
2 appeals, medical care, and disciplinary charges to his complaint. ECF No. 8 at 7-23. The court
3 declines, however, to look to these documents for claims that are not clearly raised by the
4 complaint itself. *See Davis v. Carlton*, 2013 U.S. Dist. LEXIS 174334, *18 n. 1, 2013 WL
5 6512903 (E.D. Cal. Dec. 12, 2013) ("The Court will not comb through attached exhibits seeking
6 to determine whether a claim possibly could have been stated where the pleading itself does not
7 state a claim."). Plaintiff will be afforded an opportunity to amend his complaint and provide the
8 requisite level of detail.

### IV.    Leave to Amend

Plaintiff may choose to file an amended complaint which comports with the foregoing screening order. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving her of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

V. <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's first amended complaint (ECF No. 8) is dismissed with leave to amend within 30 days of the date of service of this order; and
4. Failure to comply with this order may result in dismissal of this action.

DATED: July 3, 2018.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE