UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRODERICK R. FIELDS,

    Plaintiff,

v.

A. RAWLS,

    Defendant.

No. 2:17-cv-1811-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. His initial complaint was dismissed because it lacked plaintiff's signature. ECF No. 6. He subsequently filed a first amended complaint (ECF No. 8) which the court dismissed on screening with leave to amend (ECF No. 10). Plaintiff has since filed a second amended complaint (ECF No. 13), which the court must screen.[1]

## Screening

### I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] Plaintiff has titled the complaint "First Amended Complaint," but review of the docket makes clear that it is his second amended pleading.

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. Analysis

In plaintiff's previous complaint, he alleged that defendant Rawls filed false disciplinary reports against him. The court determined, however, that plaintiff had failed to plead sufficient detail to render his claim cognizable on screening. ECF No. 10 at 3. In his current complaint, he now alleges that, on December 10, 2016, Rawls falsely accused him of overfamiliarity. ECF No. 13 at 3. As a consequence of this allegedly false allegation, plaintiff claims that various unit staff members – Lieutenant Kiel, Captain Schultz, Sergeant Phillips, Lieutenant Vela, and Lieutenant Heise – "conspired in support of defendant" to place him in administrative segregation. *Id.*
/////

2

Plaintiff alleges that his placement in administrative segregation by the foregoing officers was undertaken in retaliation for filing a prison grievance appeal against defendant Rawls. *Id.* None of these correctional officers are actually named as defendants in the complaint, however.

Then, in January of 2017, plaintiff states that his property – including legal materials – was taken and destroyed. *Id.* at 4. He does not allege who was responsible for this act, however. He goes on to allege that the hardship caused by the loss of his property placed him in a precarious mental state and he "nearly committed suicide." *Id.* He states that, in February of 2017, prison staff were deliberately indifferent insofar as they knew he was suffering a "mental health episode" and chose to mock him rather than summoning medical aid. *Id.* at 5. Plaintiff does not identify the staff who ignored his mental health problems, but generally states that he holds Rawls responsible because she "knew or should have known that her conduct, attitudes, and actions created unreasonable harm due to emotional distress." *Id.*

The claims in the second amended complaint fail to state a cognizable claim against defendant Rawls. The only concrete allegation against her is that she filed a false violation report against plaintiff. This alone, however, does not state a constitutional claim. *See*, *e.g.*, *Harper v. Costa* No. CIVS07-2149LKK DAD P, 2009 U.S. Dist. LEXIS 50418, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), *subsequently aff'd* 393 F. App'x 488 (9th Cir. 2010). The retaliation plaintiff complains of came after the filing of the allegedly false disciplinary report and is primarily attributed to individuals who have not been named as defendants to this action. Moreover, plaintiff has failed to plead sufficient facts as to the specifics of this conspiracy. He simply lists a string of names and claims, without any context, that all were somehow involved in his placement in his improper placement in administrative segregation and the destruction of his property. This is not sufficient under *Twombly*.

And plaintiff's claims regarding his inadequate mental health care are deficient for two reasons. First, they are insufficiently plead insofar as they do not identify the individuals responsible for ignoring his mental health episode. Second, and to the extent they involve defendants other than Rawls, they are insufficiently related to the false disciplinary claims against Rawls to proceed in this action.

3

Leave to Amend

The court will provide plaintiff one final opportunity to amend. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ deprivation. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that her amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot"

/////

approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 13) is dismissed with leave to amend within 30 days from the date this order is served; and

2. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: May 16, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE